CAUSE NO. 12-14-00219-CR

IN THE

THE 12th DISTRICT COURT OF APPEALS

FOR THE

STATE OF TEXAS

CHRISTOPHER DARELL KENNEDY,

APPELLANT

V.

THE STATE OF TEXAS,

APPELLEE

STATE'S REPLY TO APPELLANT'S BRIEF

D. MATT BINGHAM
Criminal District Attorney
Smith County, Texas

MICHAEL J. WEST
Assistant Criminal District Attorney
Bar I.D. No. 21203300
Smith County Courthouse
100 N. Broadway
Tyler, Texas 75702
ph: (903) 590-1720
fax: (903) 590-1719

ORAL ARGUMENT NOT REQUESTED

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
1/23/2015 1:56:46 PM
CATHY S. LUSK
Clerk

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
1/23/2015 1:56:46 PM
CATHY S. LUSK
Clerk

ACCEPTED
12-14-00219-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
1/23/2015 1:56:46 PM
CATHY LUSK
CLERK

# TABLE OF CONTENTS

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

REPLY TO APPELLANT'S POINTS OF ERROR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

COUNTERPOINT ONE: The trial court's denial of appellant's *Batson* motion was supported by the record, and therefore not clearly erroneous, because the State proffered manifestly race-neutral explanations for its strikes, and Appellant failed to show that these reasons were mere pretext for purposeful racial discrimination. . . . . . . 2

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

INDEX OF AUTHORITIES

**STATUTE/RULES**                                                              **PAGE**

TEX. CODE CRIM. PROC. ANN. (Vernon 2014)

Art. 35.261. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**FEDERAL CASES**                                                              **PAGE**

*Batson v. Kentucky*, 476 U.S. 79, 90 L.Ed. 2d 69,
106 S.Ct. 1712 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

**STATE CASES**                                                               **PAGE**

*Bailey v. State*, No. 12-07-00212-CR, 2008 Tex.App. LEXIS 5418
(Tex.App. - Tyler July 23, 2008, *pet. ref'd*)
(not designated for publication) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Barnes v. State*, 855 S.W.2d 173
(Tex.App. - Houston [14th Dist.] 1993, *pet. ref'd*) . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Cantu v. State*, 842 S.W.2d 667
(Tex.Crim.App. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Camacho v. State*, 864 S.W.2d 524
(Tex.Crim.App. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Carrillo v. State*, 98 S.W.3d 789
(Tex.App. - Amarillo 2003, *pet. ref'd*) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Chambers v. State*, 866 S.W.2d 9
(Tex.Crim.App. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Emerson v. State*, 851 S.W.2d 269
(Tex.Crim.App. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## STATE CASES (CONT.)

|  | PAGE |
|---|---|
| *Gibson v. State*, 144 S.W.3d 530 (Tex.Crim.App. 2004) | 4, 11 |
| *Grant v. State*, 325 S.W.3d 655 (Tex.Crim.App. 2010) | 4, 13 |
| *Guzman v. State*, 85 S.W.3d 242 (Tex.Crim.App. 2002) | 3 |
| *Harris v. State*, 827 S.W.2d 949 (Tex.Crim.App. 1992) | 11 |
| *Jasper v. State*, 61 S.W.3d 413 (Tex.Crim.App. 2001) | 4 |
| *Johnson v. State*, 68 S.W.3d 644 (Tex.Crim.App. 2002) | 8 |
| *Moss v. State*, 790 S.W.2d 731 (Tex.App. - Houston [14th Dist.] 1990, *no pet.*) | 10 |
| *Yarborough v. State*, 947 S.W.2d 892 (Tex.Crim.App. 1997) | 7 |
| *Whitsey v. State*, 796 S.W.2d 707 (Tex.Crim.App. 1989) | 10, 11 |

CAUSE NO. 12-14-00219-CR

IN THE

THE 12th DISTRICT COURT OF APPEALS

FOR THE

STATE OF TEXAS

CHRISTOPHER DARELL KENNEDY,

APPELLANT

V.

THE STATE OF TEXAS,

APPELLEE

## STATE'S REPLY TO APPELLANT'S BRIEF

## TO THE HONORABLE COURT OF APPEALS:

Comes now the State of Texas, by and through the undersigned Assistant Criminal District Attorney, and respectfully urges this Court to overrule Appellant's alleged errors and affirm the judgment of the trial court in the above-numbered cause.

### STATEMENT OF THE CASE

Appellant, Christopher Darell Kennedy, was indicted in Cause No. 114-0383-

14, filed in the 114th District Court of Smith County, Texas, with the offense of Possession of a Controlled Substance. (CR: 1). On July 7-9, 2014, the case was tried to a jury and Appellant convicted of the offense alleged by the indictment. (RR 8: 75). The same jury, after hearing evidence and argument of counsel, assessed a sentence of ten (10) years confinement in the Texas Department of Criminal Justice - Institutional Division and a $10,000 fine. (RR 8: 211).

## STATEMENT OF FACTS

Appellant has accurately stated the essential nature of the evidence presented at his trial. In the interest of judicial economy any other facts not mentioned herein that may be relevant to disposition of Appellant's point of error will be discussed in the State's argument in response to that point.

## REPLY TO APPELLANT'S POINTS OF ERROR AND SUMMARY OF ARGUMENT

**COUNTERPOINT ONE: The trial court's denial of appellant's *Batson* motion was supported by the record, and therefore not clearly erroneous, because the State proffered manifestly race-neutral explanations for its strikes, and Appellant failed to show that these reasons were mere pretext for purposeful racial discrimination.**

A. **Summary of Argument**

Appellant complains under his point of error that the trial court abused its discretion when it overruled his *Batson* motion after finding that the State did not use its peremptory strikes in a racially discriminatory manner. (Appellant's brief at 4-8).

However, the records of voir dire and the *Batson* hearing, when viewed in a light most favorable to the trial court's ruling, establish that Appellant failed to satisfy his burden of persuasion to show that the State's explanations were in fact mere pretext for purposeful racial discrimination. Where, as here, there was a foundation in the record for the trial court's ruling that the State's explanations were not a pretext for discrimination, the trial court's ruling was not clearly erroneous.

**B.     Standard of Review**

In *Camacho v. State*, 864 S.W.2d 524, 528 (Tex.Crim.App. 1993), the Court of Criminal Appeals explained:

We have held that appellate review of a Batson claim shall be conducted by an examination of the record in the light most favorable to the ruling of the trial court. The standard of review is whether the ruling of the trial court was or was not "clearly erroneous". If supported by the record, including the voir dire, the prosecutor's explanation of his use of a peremptory challenge, the rebuttal by appellant and impeaching evidence, the decision of the trial court will not be clearly erroneous. (citations omitted).

"To determine whether the factfinder's decision is 'clearly erroneous,' appellate courts examine the record to see whether the ruling leaves them with the 'definite and firm conviction that a mistake has been committed.'" *Guzman v. State*, 85 S.W.3d 242, 254 (Tex.Crim.App. 2002). Whether the prosecutor's facially race-neutral reasons are pretext for purposeful racial discrimination is solely a question of fact;

there is no issue of law. *Gibson v. State*, 144 S.W.3d 530, 534 (Tex.Crim.App. 2004).

For this reason, the trial court is in the best position to make that credibility determination. *Id.* Because a trial court is the position to make such a determination, the judge's decision is accorded great deference and will not be overturned unless it is clearly erroneous. *Jasper v. State*, 61 S.W.3d 413, 421-422 (Tex.Crim.App. 2001).

**C.     Application to the Facts of the Case**

Regarding the procedure for resolving *Batson* issues, the Court of Criminal Appeals has stated:

In *Batson*, the United States Supreme Court held that, while a prosecutor ordinarily may exercise peremptory strikes for any reason related to his views concerning the outcome of the trial, "the Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race." A *Batson* challenge to a peremptory strike consists of three steps. First, the opponent of the strike must establish a *prima facie* showing of racial discrimination. Second, the proponent of the strike must articulate a race-neutral explanation. Third, the trial court must decide whether the opponent has proved purposeful racial discrimination. The trial court's ruling in the third step must be sustained on appeal unless it is clearly erroneous. Because the trial court's ruling requires an evaluation of the credibility and demeanor of prosecutors and venire members, and because this evaluation lies peculiarly within the trial court's province, we defer to the trial court in the absence of exceptional circumstances.

*Grant v. State*, 325 S.W.3d 655, 657 (Tex.Crim.App. 2010).

In this case, Appellant complains that two members of the venire panel were struck by the State for reasons which were not racially neutral. Appellant points the

Court to his objections under *Batson* to panel members Casandra Ware (No. 16) and

Ladarrius Polk (No. 21) being struck by the State. (RR 6: 246). After both parties exercised their strikes, but before the jury was sworn, Appellant challenged the State's use of peremptory strikes on Venirepersons 16 and 21 pursuant to *Batson v. Kentucky*, 476 U.S. 79, 90 L.Ed. 2d 69, 106 S.Ct. 1712 (1986). (RR 6: 246-47); *see also* TEX. CODE CRIM. PROC. ANN. Art. 35.261 (Vernon 2014).

Without expressly finding that Appellant had established a *prima facie* showing of racial discrimination, the trial court inquired of the prosecutor the reasons for the State's peremptory strikes of these two panel members. (RR 6: 247).

1.  **Juror No. 16 - Ms. Casandra Ware**

The prosecutor then explained to the trial court the racially-neutral reason for his strike of Ms. Ware:

And then Juror No. 16, the primary reason for striking Juror No. 16 was when Ms. Melontree was questioning the panel, she actually was questioning Juror No. 12, who he was standing up.

Juror No. 12 is Mr. Pruett. He's a white male. And she asked him a question about the Fifth Amendment right and reasons why somebody would not testify, and his response to those questions, Juror No. 12, began to list off a number of things, reasons why somebody might not testify, because they have - anyway, quite extensive.

I felt that Juror No. 12's answers were bad for the State. I didn't think he was a State's juror because he seemed to express, I guess, an over favoritism towards the Defense and reasons they may not testify.

5

During Juror No. 12's answering of that question, while he was saying his answers to that question, and he went on for some time, Juror No. 16, who I could see Juror No. 12 and Juror No. 16 from where I was sitting, was actively nodding to his answers to that question, and it looked to me that she was agreeing with what he was saying, with the fact that - with the Fifth Amendment right.

The reason they do not require the defendant testify is because whatever the defense attorney says is really what the defendant would testify to. That's how I took Juror No. 12's answers, which is why I struck Juror No. 12; also why I struck Juror No. 16, because she was very visibly nodding in agreement with the answer that Juror No. 12 gave.

(RR 6: 248-49).

Consistent with the prosecutor's recall, the record shows that Juror No. 12 gave the following answer to Appellant's attorney regarding a criminal defendant's right to not testify at trial:

MS. MELONTREE: . . . For instance, Juror No. 12, you stated you wanted to hear both sides. This is the criminal system. This is a jury trial. What would you - if he has a right not to testify, would you hold that against him?

VENIREPERSON: No, I wouldn't hold it against him, just because I know that it's the Fifth Amendment, and there's that right for all of us to step back, because even in legal matters, an unlearned person may be nervous, might say the wrong thing and, you know, indict themselves in some way or cause suspicion by saying the wrong thing.

So I wouldn't have a problem with that. That's the whole reason for legal representation. Someone can - so I wouldn't have a problem with that.

(RR 6: 187).

Juror No. 12, Mr. Pruitt, was not called to be a juror in this case when the panel was sworn. (RR 6: 257-58). The record further shows that Appellant also questioned the prosecutor regarding his strikes and he specifically denied that he used the race of either Juror No. 16 and Juror No. 20 in exercising the State's peremptory strikes against them. (RR 6: 254).

Notably, Appellant did not dispute, object to, or attempt to correct the prosecutor's description of either the statements made by Juror No 12 regarding a criminal defendant's right to not testify, or Ms. Ware's nodding in agreement to those statements. (RR 6: 252-54). As the Court of Criminal Appeals held in *Yarborough v. State*, 947 S.W.2d 892, 895 (Tex.Crim.App. 1997):

A counsel's statement about an occurrence in the courtroom, which was made for the purposes of the record, recorded by the court reporter, undisputed by the opposing counsel, and unquestioned and unqualified by the judge in whose presence the statement was made, establishes the occurrence for purposes of the appellate record.

. . . .

In this case it was sufficiently shown in the record by the prosecutor's specific description, which was undisputed by the appellant and accepted by the trial court, that Venire Member Martinez did display a certain demeanor. Such a statement cannot be said as a matter of law to be insufficient.

On its face, the reason offered by the prosecutor as motivating his strike of Juror No. 16 is clearly not based upon her race - Juror No. 12 was also struck for

7

exposing the views she appeared to agree with. Appellant had the burden and an ample opportunity to show otherwise when he had the prosecutor on the stand during the *Batson* hearing that he requested - and yet he offered nothing.

And, even if the prosecutor had made a mistake in believing that Juror No. 12's comments regarding a criminal defendant's right to testify were "bad for the State," Appellant did not even attempt to contradict him on his reasoning.

As the party making the *Batson* challenge, appellant had the burden to show that the explanation given was merely a pretext for discrimination. It is not enough merely to show that a proffered explanation turns out to be incorrect. Moreover, a party's failure to offer any real rebuttal to a proffered race neutral explanation can be fatal to his claim. Here, appellant has failed to prove that the prosecutor's explanation was incorrect, much less that it was a pretext for discrimination.

*Johnson v. State*, 68 S.W.3d 644, 649 (Tex.Crim.App. 2002).

Consequently, the record does not include any evidence that the reason the prosecutor offered for his strike of Juror No. 16 was racially based or a pretext for discrimination. As the trial court stated for the record it found "from the evidence that there's really not any evidence that there was purposeful discrimination." (RR 6:256).

2.    **Juror No. 21 - Mr. Ladarrius Polk**

While testifying about his peremptory strikes, the prosecutor stated that his race-neutral reason for his strike of Mr. Polk was "[t]he fact that he was young was

the primary reason for striking him." (RR 6: 248). In addition, the prosecutor also stated that "I generally - well always, I guess, strike young jurors, especially ones with low education, and I guess blue collar, low-education-type jobs." (RR 6: 248).

When asked while testifying for Appellant to state his reasons for striking Mr. Ware, the prosecutor again told the trial court:

And it's my experience that jurors of a younger age tend to be more liberal, as far as their morals, as well as political beliefs. I think that's a pretty standard trend, not just in Smith County but everywhere.

Generally, anyone who's under the age of 25, I would strike for their age. Certainly anyone under the age of 30, I would consider striking for age, but definitely under the age of 25. I would strike anybody on the panel that's younger than that because I find that to be relevant, one, to how conservative they are and, therefore, whether they would be a good State's juror or not.

But also given the number of life experiences that they've had. Generally, it's my opinion that being on jury duty and assessing a prison sentence is a hard decision to make, and that is easier to do for someone who is older, who has had to make more of those tough life decisions.

While the blue collar job is not somebody that I would strike somebody for on its own, there's obviously many people with blue collar jobs, the fact that Juror No. 19 - or I'm sorry - Juror No. 21, who is 19, is a dock worker, seems to me to be a pretty basic job, not a lot of hard decisions to make there.

That's something, as a State - for State's jurors, I'm looking for someone who can make hard decisions and make the tough call if they're placed on the jury. I'm sure he's capable of doing those, but I didn't think he would be a preferable juror because of his age and because of his employment.

(RR 6: 253-54).

Age has long been considered a racially-neutral reason for exercising a peremptory strike. *See Whitsey v. State*, 796 S.W.2d 707, 715-16 (Tex.Crim.App. 1989); *Moss v. State*, 790 S.W.2d 731, 732 (Tex.App. - Houston [14th Dist.] 1990, *no pet.*) (age is an accepted criterion for peremptory challenges and does not violate *Batson*); *Bailey v. State*, No. 12-07-00212-CR, 2008 Tex.App. LEXIS 5418 at *5-8 (Tex.App. - Tyler July 23, 2008, *pet. ref'd*) (not designated for publication).[1]

In the same manner, striking a juror based upon his employment has long been considered to not violate *Batson*. *Emerson v. State*, 851 S.W.2d 269, 274 (Tex. Crim. App. 1993); *Barnes v. State*, 855 S.W.2d 173, 174 (Tex.App. - Houston [14th Dist.] 1993, *pet. ref'd*).

Importantly, Appellant had the burden but did not offer any evidence to dispute the prosecutor's statement that he struck Juror No. 21 because of his young age and his employment, or to show that those statements did not adequately represent the juror's age and employment. (RR 6: 252-55). Likewise, Appellant did not present any evidence that these racially-neutral reasons for the strike were merely a pretext for racial discrimination. (RR 6: 252-55). The trial court found that the prosecutor had stated racially neutral reasons for striking Juror No. 21. (RR 6: 255-56).

---

[1] The State offers unpublished opinions to point out the reasoning of the court when faced with similar facts "rather than simply arguing without reference, that same reasoning." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex.App. - Amarillo 2003, *pet. ref'd*).

10

**D.    The Record does not support that the Prosecutor's race-neutral reasons for striking Jurors No. 16 & No. 21 were not a pretext.**

Appellant argues that the prosecutor's expressed reasons for striking Jurors No. 16 & No. 21 were a pretext for racial discrimination. As the Court of Criminal Appeals explained in *Gibson*:

> The term "pretext" is solely a question of fact; there is no issue of law. Therefore, the trial court was in the best position to make that credibility determination.

*Gibson*, 144 S.W.3d at 534.

Where, as here, "the State has offered more than one plausible reason for striking a venireperson, it is proper to review these reasons in their entirety in order to assess whether the State's explanation was valid or merely pretextual." *Cantu v. State*, 842 S.W.2d 667, 689 (Tex.Crim.App. 1992). And, in applying the clearly erroneous standard of review, the Court of Criminal Appeals has stated:

> Because the trial judge is able to evaluate the credibility of the witnesses at the *Batson* hearing before he makes his ruling, a reviewing court must view the record in the light most favorable to that ruling and must not disturb that ruling unless it is clearly erroneous. In other words, a reviewing court must not reverse a trial court's *Batson* decision unless the reviewing court is left with a firm conviction that a mistake has been committed.

*Harris v. State*, 827 S.W.2d 949, 955 (Tex.Crim.App. 1992).

In this case, Appellant clearly failed to rebut the prosecutor's race-neutral reasons for striking both jurors. Although he had the opportunity to cross-examine the

11

prosecutor and to present any other evidence of racial discrimination, he instead chose to offer nothing. And, Appellant does not argue, nor did he present evidence at the *Batson* hearing, that the State engaged in disparate treatment by failing to strike white venirepersons who were similarly situated to Ms. Ware or Mr. Polk - although the prosecutor did state that he struck Juror No. 12, the juror to whom Juror No. 16 was nodding her head in agreement as he spoke about a criminal defendant's right to not testify at trial. (RR 6: 248-49).

As noted previously, all of the State's explanations for its peremptory strikes were manifestly race-neutral and the trial court so found. *See Chambers v. State*, 866 S.W.2d 9, 24 n.16 (Tex.Crim.App. 1993) (neutral explanation is one based on something other than the race of the juror and unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral). According to the Court of Criminal Appeals:

> In applying this standard of review, a determination must be made as to whether the trial court's findings are supported by the record. This includes a review of the racial makeup of the venire, of the voir dire examination, of the prosecutor's explanations, and of appellant's rebuttal and impeaching evidence.

> *Chambers*, 866 S.W.2d at 23.

Even if some evidence at voir dire and the *Batson* hearing could support an inference of pretext, in viewing the record in a light most favorable to the trial court's

ruling, the evidence firmly supports the trial court's decision that the State's explanations were race-neutral, and Appellant failed to satisfy his burden of persuasion to show those explanations were mere pretext for purposeful racial discrimination. *See Grant*, 325 S.W.3d at 659; TEX. CODE CRIM. PROC. ANN. Art. 35.21 (Vernon 2014). "Thus there was a foundation in the record for the trial court's ruling that the explanation was not a pretext for discrimination", and therefore, the trial court's ruling was not clearly erroneous. *Id*. at 660. Appellant's sole issue is without merit and should be overruled.

13

## PRAYER

**WHEREFORE,** for the reasons stated herein, the State of Texas prays that the Court of Appeals overrule Appellant's Point of Error and affirm the judgment of the 114th District Court, Smith County, Texas, in this case as modified.

Respectfully submitted,

D. MATT BINGHAM
Smith County Criminal District Attorney

_____
Michael J. West
Asst. Criminal District Attorney
Bar I.D. No. 21203300
100 N. Broadway, 4th Fl.
Tyler, Texas 75702
(903) 590-1720
(903) 590-1719 (fax)
mwest@smith-county.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4 (i)(3), the undersigned attorney certifies that the word count for this document is 2,914 words as calculated by Corel WordPerfect X6.

_____
Michael J. West

14

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this _23rd_ day of _January_ 2015, the following have been completed:

(1) The original legible copy of the State's Response to Appellant's Brief in the above numbered cause has been sent via electronic filing to the Clerk of the Court of Twelfth Court of Appeals.

(2) A legible copy of the State's Response to Appellant's Brief in the above numbered cause has been sent has been sent via electronic filing to:

Mr. Austin Jackson
Attorney at Law
112 E. Line, Ste. 310
Tyler, Texas 75702

Michael J. West
Asst. Criminal District Attorney
Bar I.D. No. 21203300
100 N. Broadway, 4th Fl.
Tyler, Texas 75702
(903) 590-1720
(903) 590-1719 (fax)

15